UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SUSAN WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No: 4:15CV1672 HEA |
| | ) |
| DYCK O'NEAL, INC., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment, [Doc. No.19]. Plaintiff has failed to respond to the Motion. For the reasons set forth below, the Court grants the Motion.

**Facts and Background**

Defendant has, in accordance with the Court's Local Rules, submitted a Statement of Uncontroverted Material Facts. Plaintiff failed to respond to Defendant's facts. Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 7-401(E) of this Court's Local Rules, Defendant's facts are deemed admitted. Local Rule 7-401(E) provides:

> Rule 7 - 4.01 Motions and Memoranda.
>
> (E) A memorandum in support of a motion for summary judgment shall have attached a statement of uncontroverted material facts, set forth in a separately numbered paragraph for each fact, indicating whether each fact is

established by the record, and, if so, the appropriate citations. Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine issue exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.

**Facts and Background**

On September 5, 2006, Plaintiff Susan Wright ("Wright") purchased a condominium located at 1742 Canary Cove in Brentwood, Missouri (the "Property"). Wright executed a Promissory Note ("the Note") in the sum of $173,600 to the originating lender, National City Mortgage a division of National City Bank ("National City"). The Note was secured by a Deed of Trust (the "Deed of Trust") on the Property naming US Title, Steven L. Dieckman as the trustee and National City as the beneficiary. National City subsequently assigned its interest in the Note and Deed of Trust to Deutsche Bank Trust Company Americas ("Deutsche Bank") as trustee for the RALI 2006-QS18

Trust ("RALI").

Plaintiff defaulted on her payment obligations under the Note as secured by the Deed of Trust.

On October 19, 2011, Deutsche Bank appointed its attorney in fact, Millsap & Singer, P.C. ("Millsap & Singer"), as successor trustee.

On November 28, 2011, 2013, Millsap & Singer non-judicially foreclosed on the Property to satisfy RALI's lien on the Property (the "Foreclosure"). No notice of redemption was ever served on Milsap & Singer at or prior to the sale.

Deutsche Bank, as the highest and best bidder, purchased the Property at the foreclosure sale on behalf of RALI for the sum of $139,920. Thereafter, Deutsche Bank, as trustee for RALI, assigned all of its interest in the Note, Deed, and any deficiency to DONI (the "Debt"). DONI subsequently commenced collection efforts to collect the Debt.

Plaintiff subsequently filed suit against DONI alleging that it had no legal right to collect the Debt.

## Summary Judgment Standard

The Eighth Circuit has recently articulated the appropriate standard for consideration of motions for summary judgment, as follows:

> Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. The movant bears the initial responsibility of informing the district court of the basis for its motion, and must identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial. On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts. Credibility determinations, the weighing of the evidence and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. The nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts,

and must come forward with specific facts showing that there is a genuine issue for trial. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.

*Torgerson v. City of Rochester,* 643 F.3d 1031, 1043 (8th Cir.2011) (en banc) (internal citations and quotation marks omitted). "Although the burden of demonstrating the absence of any genuine issue of material fact rests on the movant, a nonmovant may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial." *Wingate v. Gage Cnty. Sch. Dist., No. 34,* 528 F.3d 1074, 1078–79 (8th Cir.2008) (cited case omitted). With this standard in mind, the Court accepts the stated facts as true for purposes of resolving the parties' motions for summary judgment.

## Discussion

Plaintiff makes her claims based solely on information and belief. She did not produce any documentation when responding to written discovery requests evidencing her claims. The undisputed documentation establishes that Plaintiff purchased the property on September 5, 2000. She executed a note in the amount of $173,600 to the originating lender, National City, secured by a Deed of Trust naming US Title Steven L. Dieckman as the trustee and National City as beneficiary. National City assigned its interest in the Note and Deed of Trust to Deutsche Bank Trust as trustee for RALI.

Plaintiff defaulted on her payment obligations. On October 19, 2011, Deutsche Bank, as trustee for RALA appointed its attorney in fact, Milsap & Singer, as successor trustee.

On November 28, 2011, Milsap & Singer non-judicially foreclosed on the Property to satisfy RALI's lien on the Property. No notice of redemption was ever served on Milsap & Singer.

Deutsche Bank, as the highest bidder, subsequently purchased the Property at the foreclosure sale on behalf of RALI for the sum of $139,920 as evidenced by the Successor Trustee's Deed under Foreclosure. Thereafter, Deutsche Bank, as trustee for RALI, assigned all of its interest in the Note, Deed, and any deficiency to DONI (the "Debt"). As the holder of the Note, RALI, through Deutsche Bank, succeeded to all rights and interests under the Note and Deed of Trust, and had the authority to enforce the Note and Deed of Trust against Wright. *Federal National Mortgage Association v Conover*, 428 S.W.3d 661 (2014); *Pitman Place Dev., LLC v. Howard Invs., LLC*, 330 S.W.3d 519, 536 (Mo.App.E.D.2010) (internal quotation omitted); *Bellistri v. Ocwen Loan Servicing*, LLC, 284 S.W.3d 619, 623 (Mo.App.E.D.2009) (internal citations omitted). RALI, through Deutsche Bank, also had the authority to appoint Milsap & Singer as the successor trustee to conduct the trustee's sale and to deliver the successor trustee's deed to Deutsche Bank as the highest bidder.

Thereafter, Deutsche Bank, as trustee for RALI, had the right and, in fact, did assign any remaining interest in the Note, Deed, and any corresponding deficiency to DONI. Thus, contrary to Plaintiff's unsupported claim that DONI is, a stranger to the Debt, DONI was assigned all rights, title and interest in and to any cause of action against Wright comprised of unpaid principal, interest, costs and attorney's fees resulting from the foreclosure which occurred on November 28, 2011. As such, DONI's collection efforts are entirely permissible and Plaintiff has not and cannot show otherwise.

**Conclusion**

Based upon the foregoing analysis, Defendant is entitled to judgment as a matter of law. The undisputed material facts establish that Defendant is entitled to judgement as a matter of law and Defendant's Motion for Summary Judgment will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment, [Doc. No. 19], is **GRANTED**.

A separate judgment in accordance with this Opinion, Memorandum and

Order is entered this same date.

Dated this 8th day of December, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE